Ashburn, J.
The original action was brought by the -¿plaintiff in error, under the provisions of the act of March ;25, 1851, “ requiring compensation for causing death by wrongful act, neglect, or default.”
The questions in this case arise upon the charge of the , court to the jury on the trial. The court instructed the jury:
I. That A. Henry Lotz, the husband of Isabella Lotz, .deceased, was not entitled to any damages, either as hus.band or next of kin, under the statute of descents.
II. That if the jury find for the plaintiff, the jury could •assess only nominal damages of five or ten cents, as the plaintiff had not offered to prove that the next of kin or either of them liad suffered any special damages by reason of the death of said decedent.
We are called upon to determine whether the husband in this case, under the law, is included in the words of the statute, “ next of kin,” also the correctness of the action of .the court on the question of damages.
*195 1. The act of 1851 (S. & C. 1139-40),'substantially provides: Whenever the death of a person is caused by the wrongful act, neglect, or default of another person or corporation, a cause of action is given in every case where, if death had not ensued, the person killed would have been entitled to recover damages for the injury sustained in respect thereof. This action is to be brought by and in the name of the personal representative of the deceased person, for the exclusive benefit of the widow and next of kin of such deceased person; the damages recovered are directed to be distributed to the widow and next of kin, in the proportions provided by law in relation to the distribution of personal estates left by persons dying intestate. The jury may give such damages as they shall deem fair and just, not exceeding five thousand dollars, with reference to the pecuniary injury resulting from such death to the wife and next of kin to such deceased person.
The words “ wife and next of kin,” used in this last clause, was no doubt intended to designate the same persons as “ widow and next of kin ” in other parts of the same section of the statute. ,
The action given by this statute was unknown to the common law, and should have effect given to it according to the words used in it to accomplish the purpose intended by the legislature.
No question is made on the record as to the right of the plaintiff to maintain the action, and we will take it for granted by the parties that the case is one where, if Isabella Lotz had survived the injury, she could have maintained the action. In such case the statute says, “then and in every such case ” the action shall be maintained in the names of her personal representatives for the exclusive benefit of the “ widow and next of kin of such deceased person.”
This leads us to say here that the fruits of the action, if a j udgment for damages is secured, are to be distributed exclusively to the widow and next of kin — the beneficiaries in the action. This distribution is ordered to be made by *196 the trustee in the proportions provided by law in relation to the distribution of personal estates left by persons dying intestate, but the damages recovered can in no event be treated as part of the general estate of the deceased. They are to go to and for the exclusive benefit of the beneficiaries, and the sense of the statute is to exclude the participation of creditors, and to prevent the damages from passing by any will made by the deceased.
It is uiged that the phrase, “ next of kin,” in connection with the word “ widow,” as designating the beneficiaries, necessarily excludes widower and husband. This is too narrow a construction of the statute, and would in part defeat the manifest purpose of the legislature. If we expect to find all the statute laws perfect and harmonious, free from all ambiguity, we shall be disappointed. It is the business of courts, where it can be done, to find and declare the meaning of legislative enactments. In this case, the language used is not ambiguous, but rather to be considered incomplete. Yet the policy of the statute and the language used give a clear indication to legislative meaning.
The phrase “ next of kin ” is a comprehensive one. Bovier in defining it says, “ This term is used to signify the relations of a party who has died intestate.” “ In general, no one comes within this term who is not included in the provisions of the statutes of distribution,” etc.
As used in the statute, it comprehends all those persons who are entitled to stand in the order of inheritance under the statute of distributions, in the case of personalty — 1. Children; 2. Husband or wife; 8. Brothers and sisters, and so on.
This becomes more clear when we consider our statute governing the course of descents and distribution of the personal estates of those who die intestate.
Section 4 of the act regulating descents and distributions of personal estates, as amended in 1862 (S. & C. 30V), provides, “ If any person shall die intestate, leaving any goods, chattels, or other personal estate, such goods, chattels, or other personal estate shall be distributed agreeably to the *197 foregoing course, prescribed in the second and third sections of this act as to real estate, which come not by descent, devise, or deed of gift from any ancestor.”
So much of section two, referred to, as affects the question under consideration, reads as follows :
“ Section 2. That if the estate comes not by descent, devise, or deed of gift, it shall descend and pass as follows: First, To the children of the intestate and their legal representatives. Second, If there be no children or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate.”
As this action is founded upon the violation of a personal right, whatever may be recovered by the personal representative falls for distribution within the statute.
As Isabella Lotz died intestate, leaving no children or their legal representatives, her personal estate, of whatever kind, passed to and became vested in her husband. The statute of descents constitutes him her heir at law. He inherited all her estate, in hand and to be collected. This being the effect worked by the law of descent and distribution in this ease, the brother and sisters of the intestate are not her next of kin. Nor can they be beneficiaries in any judgment that might be realized from a favorable termination of the action. The husband, in this case, is the sole beneficiary, and hence takes rank as next of kin to his deceased wife.
Our ruling, without due consideration, would seem to be in conflict with the decisions, under a similar statute, in some qf our sister states, especially of New York. On examination, however, it will be found, we think, that their statute regulating the course of descents and distribution of the personal estates of intestates, which is an integral element in construing the act of 1851, will be found unlike the Ohio statutes on that subject. This is certainly „he case in New York. Be this as it may, we are satisfied of the correctness of our rule here.
2. The court said to the jury : “ That if said jury find for the plaintiff, they, the jury, could only find nominal dam *198 ages of five or tea cents, for the plaintiff had not offered to prove that the next of kin, or either of them, had suffered any special damages by reason of the death of the deceased.”
We think the court erred in so charging the jury.
We are not advised as to the extent of the proofs before the jury. We know, from .the bill of-exceptions, that it tended to show that Mrs. Lotz died by reason of the wrongful act and negligence of defendants, giving her, in filling her physician’s prescription, a poison called gelsemium instead of a harmless drug called gossyppium ; that A. Henry Lotz was her husband; that she had one brother and seven sisters; that on the trial her brother and sisters were admitted to be her next of kin, and were all of-full age. The bill of exceptions recites, 11 and there was no testimony offered by plaintiff tending to show that the brother or any of the sisters had suffered any special damages by reason of the death of said decedent.”
The husband, who was next of kin to his deceased wife, and hence the sole beneficiary in the action, was wholly ignored by the court. The brother and sisters of the deceased were recognized and treated, before the jury, as the next of kin and the sole beneficiaries in the action, when, in law, they had no such standing, and no rights to be considered on the question of damages. The jury was told that, as plaintiff had failed to show that the brother or either of the sisters had sustained special damages by reason of the death of decedent, the plaintiff could only recover nominal damages. The necessary effect of this instruction was to mislead the jury as to who was the lawful beneficiary, and the true grounds upon which damages should have been assessed. Upon no rule of law could the plaintiff have introduced testimony in this case to show that the brother and sisters had sustained a pecuniary loss, in the death of their sister.
As already shown, the statute provides: “ The jury may give such damages as they shall deem a fair and just compensation, not exceeding five thousand dollars, with refer *199 enee to the pecuniary injuries resulting from the death to the wife and next of kin of the deceased person.” It is clear that the damages the jury can assess are limited to a fair and just compensation for pecuniary injuries sustained by the beneficiaries in consequence of the death to the wife or next of kiu. Each case must stand on its own merits. In a case of this kind, special damages need not be shown to entitle the plaintiff to a verdict, but if the plaintiff would recover more than nominal damages be must make it apr pear by a preponderance of the proofs that the pecuniary injury to the wife or next of'kin, resulting from the death, fairly and justly warrant a recovery for a larger amount.
In this case the plaintiff’s damages, if any, should be a fair and just compensation for the pecuniary injury resulting to the husband as next of kin from the death of his wife. But in no case under the act of 1851 can the jury, in estimating the damages, consider the bereavement of the beneficiary, the mental anguish or pain suffered by the living for the dead. The damage is exclusively for a pecuniary loss, not a solace.
The first statute authorizing this action was of English origin, 9 and 10 Vict. c. 93. And the first action, under this act, prosecuted into the higher courts, that has come to my notice, was Blake, Adm'x v. The Midland Railway Co., 10 L. & E. 437. After a full and careful consideration, it was there held: “ In an action by the personal representatives of a deceased person to recover damages, the jury, in assessing the damages, are confined to injuries of which a pecuniary estimate can be made, and can not take into their consideration the mental suffering occasioned the survivors by his death.”
This is the prevailing rule,"-, for assessing the damages under these statutes, both in England and in this country. In Scotland the rule is different, because the law of Scotland is different. There it "is said “ the law takes cognizance of the loss and suffering of the family of a person killed, and gives assythement, both as indemnification and as solatium.”
*200 Judgment of the court of common pleas reversed, and cause remanded to that court for further proceedings.